IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

       Case No. 11-CR-230
       Judge Gregory L. Frost

JEROME RABINOWITZ,

       Defendant.

### ORDER

This matter came on for consideration upon Defendant's Motion to Dismiss Indictment (ECF No. 21) filed on January 19, 2012 and upon the Government's Response (ECF No. 27) filed on February 2, 2012.

Because Defendant has failed to show any irregularity in the Grand Jury proceedings and because Defendant has failed to show any prejudice, the Court finds Defendant's Motion to be not well taken and the Court **DENIES** the same.

Defendant argues that the Indictment should be dismissed "due to erroneous instructions to the Grand Jury; insufficiency of evidence; as well as in the interest of justice, and for such further relief as this Court deems just and proper." Because of the novel argument presented by that opening claim, the Court's interest was piqued. That is, until, this Court waded through the next nine pages of speculation, innuendos, and generalities that Defendant raised. This Court is cognizant of the role of the Grand Jury, the independence that a Grand Jury must possess, and the power of a Grand Jury. After reminding this Court of these principles in board, sweeping generalities, Defendant apparently invites this Court to review the transcript of the Grand Jury impanelment which will, upon defense counsel's "information and belief" disclose that the jurors were improperly instructed in such a manner as to "usurp the grand jurors [*sic*] independence."

1

Absent from this argument is any specific reference to any specific instruction. Apparently, Defendant urges this Court to review the entire set of instructions to determine if the instructions reveal some flaw that this Court could then raise on behalf of Defendant. If Defendant is arguing that this Court's charge to the Grand Jury before and after impanelment is incorrect, then a specific request for, at least, an *in camera* inspection of the transcript should have been made. This Court is not at all convinced that the transcript of the charge to a Grand Jury regarding its duties and responsibilities is even protected by Fed. R. Crim. P. 6 and may be regarded as an "administrative detail" however, this Court need not decide that issue because Defendant has failed to specifically identify what it is that he wants reviewed. If Defendant is requesting that this Court review the transcript of the proceedings before the Grand Jury as it relates specifically to this Defendant, then Defendant has failed to satisfy Fed. R. Crim. P. 6(E)(ii) by making any showing that a "ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

There is a strong presumption of regularity regarding grand jury proceedings. *United States v. R. Enterprises, Inc.*, 498 U.S. 298, 301 (1998). Defendant has failed to present a cogent reason to rebut this presumption. Moreover, Defendant must demonstrate actual prejudice. *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988). Defendant has failed to do this. This Court cannot and will not proceed on mere speculation.

If Defendant is requesting a dismissal based upon the "insufficiency of the evidence" as indicated in his opening paragraph, then this Court suggests that we have a trial on the merits of the case.

**IT IS SO ORDERED.**

    /s/   **Gregory L. Frost**
Gregory L. Frost
United States District Judge