# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Gregory L. Frost, USDJ |
| vs. | : | Docket No.: **11 Cr 230 (JLG)** |
| JEROME RABINOWITZ, | : | |
| Defendant. | : | |

## MOTION FOR FURTHER MODIFICATION OF CONDITIONS

1. I, Aaron M. Goldsmith, Esq., am the Attorney-of-Record for Defendant RABINOWITZ in the above-captioned matter and have been admitted to the Bar of the Southern District of Ohio, *Pro Hac Vice*, by this Court's Order, dated October 11, 2011.

2. It is respectfully requested that the Court grant a Further Modification of the Conditions of Defendant RABINOWITZ.

3. Mr. Rabinowitz was remanded into custody upon the Government's motion immediately following the verdict. He is currently being held in the Franklin County Correctional Center (hereinafter referred to as "FCCC") in Columbus, OH.

4. As the Court is also aware, the Court granted an Order in response to Your Affirmant's Motion, dated August 20, 2012. Said document Ordered the transfer of Mr. Rabinowitz from FCCC to FMC Devens or other Bureau of Prisons Medical facility.

5. In response to said Order, the US Marshal's Office for the Southern District of Ohio announced its inability to conform to such Order. In response thereto, Your Affirmant contacted Andrew Shadwick of the US Marshal's Office as well as the General Counsel's Office for the Northeast Region of the Bureau of Prisons.

6. It is the position of both the US Marshal's Office and the Bureau of Prisons that Mr. Rabinowitz is a "Marshal's Inmate" until sentenced. The Bureau of Prisons has stated that it will check for available "bed space" at an FMC if requested by the Marshal's Office. However, the Marshal's Office has stated that it will not make such a request and will oppose enforcement of the Court's previous Order, as it believes that FCCC can capably care for Mr. Rabinowitz.

7. Based upon my several conversations with Mr. Rabinowitz, he has informed me that he has still not been given one (1) of his seven (7) daily medications. Additionally, he has only been seen by the medical staff on one (1) occasion since his intake, and only after several requests for same.

8. Mr. Rabinowitz' health conditions require daily monitoring.

9. Your Affirmant appreciates the Court's concern in ensuring the appearance of Mr. Rabinowitz at his sentencing, yet also recognizes the deficiencies in proper care at FCCC after more than a week of incarceration. Your Affirmant further recognizes the positions of the US Marshal's Office and the Bureau of Prisons.

10. I respectfully request that in order to best satisfy the Court's concerns while maintaining the best care for Mr. Rabinowitz prior to his sentencing and designation to a Bureau of Prisons facility, that the Court further modify Mr. Rabinowitz' pre-sentence conditions to home confinement with either traditional Electronic Monitoring or GPS Monitoring, at Mr. Rabinowitz' expense.

11. Your Affirmant has had clients who successfully met the same concerns under either Electronic Monitoring or GPS Monitoring. As Mr. Rabinowitz has the ability to pay for the expense of such conditions, the tax-payers will not bear any responsibility.

12. Most importantly, all law enforcement agencies will be aware of Mr. Rabinowitz

whereabouts by both home confinement and location of his medical facilities. This will allow Mr. Rabinowitz to return to his necessary medical regimen and ensure his return for sentencing.

13. If the Court is not satisfied by the traditional Electronic Monitoring, the GPS device will allow for law enforcement to track Mr. Rabinowitz' exact whereabouts at all times.

14. Your Affirmant only makes the instant application upon learning of the conflicting policy of the US Marshal's Office with the previous Order and upon information and belief that FCCC has been unable to properly meet Mr. Rabinowitz' care requirements for a period of more than one (1) week.

WHEREFORE, it is respectfully requested that this Motion be granted, further modifying the Conditions of Defendant JEROME RABINOWITZ by Ordering him released under home confinement with the assistance of either traditional Electronic Monitoring or GPS Monitoring, while permitting him to seek medical care, in order to both ensure proper care and facilitate effective assistance of Counsel in preparation of sentencing; and for such other and further relief as this Court deems just and proper.

Dated: August 26, 2012
New York, NY

AARON M. GOLDSMITH, ESQ. (PHV002)
Attorney for Defendant RABINOWITZ
225 Broadway, Suite 715
New York, NY 10007
(212) 566-6212 (ofc)
(914) 588-2679 (cell)
(212) 566-8165 (fax)

TO:
US ATTORNEY'S OFFICE, S.D.OHIO
Attn.: Michael Marous, AUSA
303 Marconi Blvd., Suite 200
Columbus, OH 43215
(614) 469-5715
(614) 469-5653 (fax)
Mike.marous@usdoj.gov

US MARSHAL'S OFFICE, S.D.OHIO
Attn.: Drew Shadwick, USMS

Columbus, OH
(614) 469-2895
(614) 469-2298 (fax)
Andrew.Shadwick@usdoj.gov

## CERTIFICATION OF ELECTRONIC MAILING

This is to certify that a copy of the foregoing was sent via electronic means this 26th day of August, 2012, in compliance with the local rules of practice and procedure, to the person(s) and/or entities as listed below.

US ATTORNEY'S OFFICE, S.D.OHIO
Attn.: Michael Marous, AUSA
Mike.marous@usdoj.gov

US MARSHAL'S OFFICE, S.D.OHIO
Attn.: Drew Shadwick, USMS
Andrew.Shadwick@usdoj.gov

This being the above-referenced electronic address(es) of record.

Dated: August 26, 2012
New York, NY

AARON M. GOLDSMITH, ESQ. (PHV002)